UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Danny Eugene Saunders, | ) | C/A No. 5:15-cv-04438-CMC-KDW |
|                Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | (Plaintiff's Motion to Dismiss Parties) |
| | ) | |
| Officer Hicks;<br>Officer James;<br>Officer Jennings, and<br>Sgt. Benjamin, | ) | |
| | ) | |
|                Defendants. | ) | |

This is a civil action filed by a local prisoner. Therefore, in the event that a limitations issue arises, Plaintiff shall have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to district court). Under Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

I.   Factual and Procedural Background

This case is before the court for consideration of Plaintiff's Motion to Dismiss three of the four named Defendants. ECF No. 19. Plaintiff filed this case in late October 2015. ECF No. 1. By Order dated November 12, 2015, Plaintiff was directed to submit completed service documents for all named Defendants to bring the case into proper form for service. ECF No. 9. Plaintiff's response to the initial Order included a summons and Form USM-285 with only Defendant Hicks' name and address information on them, and one Form USM-285 with only the address information for the Florence County Detention Center on it. The form did not include the name

and address of any of the other three named Defendants. ECF No. 13. Because the case was still not in proper form for service on all four named Defendants, Plaintiff was directed to provide completed service documents for each of the three named Defendants for whom he had not submitted such forms. Plaintiff was specifically informed that this would be his final opportunity to bring the case into proper form. ECF No. 16.

In response to the court's most recent Order, Plaintiff wrote the court to inquire whether it would be possible for him to "dismiss parties from [his] case for lack of information identifying the parties[.]" ECF No. 19. The court construes Plaintiff's request as a Motion to Dismiss three parties. Plaintiff alleges "it is impossible" for him to discover the address and/or identification information required to complete the service forms for Defendants James, Jennings, and Benjamin. He asserts that his requests for assistance from officials at the Florence County Detention Center, where he is currently detained, have "been ignored." *Id.* at 1. As a result, Plaintiff asks the court to dismiss the three Defendants for whom service documents have not been submitted as parties so that the case can continue against Defendant Hicks, for whom service documents have been received. *Id.*

The undersigned finds that Plaintiff's request to voluntarily dismiss three named Defendants from this case should be granted. *See* Fed. R. Civ. P. 41(a)(2). The Complaint may still be served on the remaining Defendant for whom the required service documents were submitted.

II.     Recommendation

Accordingly, it is recommended that the district court grant Plaintiff's pending Motion to Dismiss Defendants James, Jennings, and Benjamin from this case.

The Complaint should be served on the remaining Defendant. A serve order for Defendant Hicks only is being issued simultaneously with this Report and Recommendation.

IT IS SO RECOMMENDED.

January 5, 2016                                         Kaymani D. West
Florence, South Carolina                                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).