IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Danny Eugene Saunders, ) | C/A NO. 5:15-4438-CMC-KDW |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Officer Hicks; ) | |
| Officer James; ) | |
| Officer Jennings; and ) | |
| Sgt. Benjamin, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. §§ 1983. ECF No. 19.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On January 6, 2016, the Magistrate Judge issued a Report recommending that Plaintiff's Motion to Dismiss three of the four named Defendants be granted. ECF No. 22. Plaintiff's motion stated that this was due to lack of information identifying the other three Defendants, leaving him unable to bring the case into proper form against any but Officer Hicks.

The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed an objection to the Report on January 21, 2016. While this submission (Entry No. 27) was docketed as a Motion to Amend the Complaint, this court has construed the filing as a response to the Report

1

and Recommendation of the Magistrate Judge and will address it as such.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court finds Plaintiff's Motion to Dismiss as to Defendants James, Jennings, and Benjamin should be **granted** and Defendant James, Jennings, and Benjamin are dismissed without prejudice. The court therefore adopts the Report by reference in this order and directs that the remaining Defendant, Officer Hicks, be served with the Complaint. During the pendency of litigation against Officer Hicks, Plaintiff can seek discovery as to the identities of the other officers involved in the incident and, if appropriate, file a proper motion for leave to amend the Complaint.

To the extent that Entry No. 27 was intended as a Motion to Amend Plaintiff's Complaint to include as a Defendant the Florence County Detention Center, reference of that motion to the Magistrate Judge is withdrawn, and the motion is **denied** as it contains no alleged claim against the Detention Center.

This case is referred back to the Magistrate Judge for further pre-trial proceedings.

**IT IS SO ORDERED.**

                                                                                 s/ Cameron McGowan Currie
                                                                                 CAMERON MCGOWAN CURRIE
                                                                                 Senior United States District Judge

Columbia, South Carolina
February 1, 2016