IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Danny Eugene Saunders, | C/A. No. 5:15-4438-CMC |
| Plaintiff | |
| v. | |
| Officer Hicks, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. §1983 on October 30, 2015. ECF No. 1. On May 23, 2016, Defendant filed a motion for summary judgment. ECF No. 48. A *Roseboro* order was entered by the court and mailed to Plaintiff, advising Plaintiff of the importance of a dispositive motion and the need for Plaintiff to file an adequate response. ECF No. 49. Plaintiff filed his response in opposition on June 2, 2016. ECF No. 54.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings and a Report and Recommendation ("Report"). On December 2, 2016, the Magistrate Judge issued a Report recommending that Defendant's motion for summary judgment be denied as to the excessive force claim and qualified immunity defense, but granted as to any claim against Defendant in his official capacity. ECF No. 69. The Magistrate Judge advised the Parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Defendant filed objections on December 16, 2016. ECF No. 71.

## I.  Standard

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).

## II.  Discussion

Defendant objects to the Magistrate Judge's determination that summary judgment could not be granted due to questions of fact as to the chain of events that led to Plaintiff being sprayed with chemical munitions.

### a.  Factual Discrepancies

Defendant first argues that Plaintiff's version of the facts is inconsistent between his complaint and his response to the motion for summary judgment.  It is true that some details are different.  However, the main issue in the case appears to be whether Plaintiff was an active threat to correctional officers or to the operation of the facility at the time he was sprayed with chemical munitions.  Plaintiff states he was lying down on his bunk when Defendant sprayed the munitions into his cell; Defendant argues that Plaintiff was a threat to the order of the facility in actively refusing to obey commands, and that he sprayed Plaintiff at that time to restore order. This raises a genuine issue of material fact that cannot be resolved on summary judgment.

   *b. Use of Force*

  Defendant next addresses the Report's finding that "Plaintiff must pose a threat to Defendant or anyone else in order to justify Defendant's use of force." ECF No. 71 at 1 (citing ECF No. 69 at 1). This court agrees that chemical munitions can be used to restore operational control over an inmate causing a disturbance, and does not read the Report to preclude that possibility. *See Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) ("[M]ace can be constitutionally used in small quantities to prevent riots and escapes or to control a recalcitrant inmate."). However, there is an issue of fact in this case as to whether Plaintiff was resisting a directive from the officer. Therefore, summary judgment is not appropriate.

   *c. Amount of Chemical Munitions*

  Finally, Defendant objects to the Report's finding that he failed to provide evidence of the amount of chemical munitions used. Defendant's Incident Report provides that he used a "three second burst" of munitions. While measurement in grams may provide more information, this point is not dispositive for purposes of summary judgment.

3

**III.    <u>Conclusion</u>**

Plaintiff's § 1983 claim for excessive force contains genuine issues of material fact that preclude summary judgment. Accordingly, the court adopts and incorporates the Report by reference in this Order. Defendant's motion is denied in part as to the claim for excessive force against Defendant in his individual capacity, and granted in part only to the extent Defendant seeks dismissal of claims against him in his official capacity.

The court will hold a pretrial conference on February 22, 2017, at 3:00pm. Plaintiff shall appear by video conference. No later than February 13, 2017, both parties shall file a witness and exhibit list. The witness list for Plaintiff shall contain any information Plaintiff has on current location of witnesses he intends to call.

**IT IS SO ORDERED.**

<u>s/ Cameron McGowan Currie</u>
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 18, 2017